UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WANDA Shackleton & <br>     MARK Shackleton | CIVIL ACTION NO. 13-3135 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| UNITED STATES | MAGISTRATE JUDGE JAMES D. KIRK |

[REVISED] REPORT AND RECOMMENDATION

    This Report and Recommendation corrects the previous Report and Recommendation, doc. #41, to properly spell the plaintiffs' names. No substantive changes have been made. Therefore, despite the "Objections" language below, the time for filing Objections has passed.

    Before the court is a Rule 12(b)(1) motion to dismiss filed by the defendant, the United States, doc. #35, claiming that this court does not have jurisdiction as to the petition of intervention which I previously allowed filed (doc. #31). Plaintiffs filed suit for damages for a work-related injury to Wanda Shackleton. She was employed by a government contractor, Northrop Grumman Corporation at a tool room at the United States Army Garrison at Fort Polk, Louisiana. Plaintiffs claim that the accident was the fault of the United States and filed this suit pursuant to the Federal Tort Claims Act (FTCA) after having filed an administrative claim, as required by the Act.

    The petition of intervention alleges that Mrs. Shackleton was provided workers compensation benefits by her employer, Northrop Grumman Corporation and its insurer, Insurance Company of the State of Pennsylvania. The intervention seeks to recover benefits it has paid to or on behalf of

Mrs. Shackleton as a result of the accident from anyone who may be found at fault in causing the accident, here the United States.

The government has filed this motion to dismiss that intervention claiming that under the FTCA any plaintiff must first file an administrative claim with the appropriate government agency. Intervenors admit they did not do that. However, they reason that because the claim is not a new claim but is simply a part of Shackleton's claim, and they seek only part of the recovery Shackleton has claimed and regarding which she already filed an administrative claim, a new administrative claim would be nonsensical and is not required. Alternatively, intervenors seek a stay of these proceedings until they can file an administrative claim or the 6 month period for the agency to render a decision has passed.

Analysis

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may base its disposition of a motion to dismiss under Rule 12(b)(1)on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Robinson v. TCI/US West Comms., Inc., 117 F. 3d 900 (5th Cir. 1997).

The government points out that this court has jurisdiction over the United States only to the

extent, in this case, that the FTCA allows as a waiver of its sovereign immunity. The relevant provision of the statute, 28 U.S.C. §2675(a), states that an action under the Act "shall not" be instituted "unless the claimant shall have first presented the claim to the appropriate Federal Agency . . .". Courts lack subject matter jurisdiction and must dismiss FTCA actions that are instituted before administrative remedies are exhausted under §2675(a).

The government cites two cases which it argues support its position that a workers compensation carrier must file its own administrative claim: Department of Public Safety v U.S., 342 F. Supp.2d 617 (S.D. Miss. 2004), and Commercial Union Ins. Co. V. United States, 1998 WL 637379 (E.D. La. 1998).

Plaintiffs distinguish those two cases and point out that they are both subrogation claims filed in court by the plaintiffs and are not interventions into an already pending suit. Plaintiffs also show that under the relevant Louisiana workers compensation statute, La. R. S. 23:1103, they seek only an apportionment of any damages recovered by the Shackletons and do not have an independent claim. In other words, intervenors seek no more than plaintiffs seek which claim has already been denied (or deemed denied by the passage of 6 months time) by the government agency. In essence, plaintiffs argue that from the government's perspective, there is only one claim–the Shackletons'–and how any recovery on that claim is divided up with their insurer is none of the government's business.

Neither party has cited the court to any 5th Circuit authority on this issue or even to other circuits' decisions analyzing the issue. The two cases cited by the government are, as plaintiffs point out, inapposite as neither of them involves an intervention into an already pending suit claiming the same damages the intervenor seeks.

There are several reasons why the filing of a new administrative claim should not be required:

First, if, as the government argues based on jurisprudential authority, the purpose of the exhaustion requirement is to allow the government to attempt to resolve the claim in the most efficient manner possible, requiring a workers compensation insurer to file a second claim for the same damage already denied by the agency has the opposite result. Instead, it would unnecessarily delay the resolution of the claim and would cost the government, intervenors and plaintiffs unnecessary costs.

Second, the plain language of the Act (§2675(a)) states that "[a]n action shall not be instituted upon a claim . . .". Here, the action was already instituted by the plaintiffs–who had filed an administrative claim. This is not the case of a second party with its own claim for damages attempting to utilize the administrative claim filed by the first party as was the situation presented in Scott v. United States, 2011 WL 690210 (E.D. Mo. 2011).

Third, the claims are the same; intervenors seek only to recover their share of moneys that plaintiff is seeking for damages they received. That claim has previously been rejected at the administrative level.

Fourth, the government is not prejudiced by failure of the intervenor to file an administrative claim. In its investigation of the claim at the administrative level, surely it discovered that plaintiff had incurred medical bills and that her employer and its insurer had paid them. The government had adequate notice of the claim of intervenors. See, by analogy, Palm v. U.S. 835 F. Supp. 512 (N.D. Cal. 1993). The Fifth Circuit has held that no particular form of notice is required as long as it "(1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim." Wardsworth v. United States, 721 F.2d 503,505 (5th Cir. 1983).

Finally, one court has held that where one of the claimants is legally entitled to assert a claim on behalf of the other in accordance with state laws, the filing of an administrative claim by that party is not necessary. See <u>Santos' Estate v. U. S.</u>, 525 F. Supp. 982 (D.C. Puerto Rico 1981). Here, it was perfectly permissible and, indeed, the norm for the plaintiff to assert a claim for <u>all</u> damages incurred even though some of those damages had been paid by a workers compensation insurer.

Further, the New Orleans federal court has held that it is proper to consider a subrogated insurer's claim to be part of the insured's claim even if the insurer is not named in the administrative claim, at least where the administrative claim was brought for an amount sufficient to include the insurer's claim in which case there is no prejudice to the government. <u>Severtson v. United States</u>, 806 F. Supp. 97 (E.D. La. 1992).

For these reasons, in the absence of direction from the 5th Circuit, and following the Eastern District's decision in Severtson, I find that under the circumstances presented here an administrative claim by intervenors is not required.[1]

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss, doc. #35, be DENIED.

## OBJECTIONS

---

[1] I recognize that the safest thing to do to avoid significant delay and waste of resources should the 5th Circuit disagree with the district court, is for the intervenors to simply file an administrative claim which, no doubt, will be rejected just as the Shackleton's claim was rejected. A stay of these proceedings would be appropriate to allow them to pursue an administrative claim should the district judge wish to handle it in that manner. The government argues that a stay is disfavored by the 5th Circuit since the court has no jurisdiction and thus nothing to stay. The difference here is that the court already has jurisdiction over the Shackletons' claims and thus, for good reason, may stay those proceedings. Therefore, out of an abundance of caution, the district judge may want to stay the Shackleton's claims until such time as intervenors can complete their administrative claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, March 27, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE